J. R. LOWERY AND WIFE, S. C. LOWERY, v. GOLDSBORO
LUMBER COMPANY.

(Filed 29 May, 1929.)

**Deeds and Conveyances F a—Party may re-enter lands of grantor in timber deed to remove timber on other lands when right is given by deed.**

Under a deed conveying such right the grantee of standing timber may reënter and construct and operate a tramway on the land of the grantor for the purpose of removing timber he had acquired from owners of other lands.

APPEAL by plaintiffs from *Daniels, J.,* at April Term, 1929, of JONES. Affirmed.

Controversy without action (C. S., 626), to determine the right of defendant to reënter upon a right of way over and across the land of plaintiff in Jones County, N. C., and to construct thereon a tramroad for the purpose of removing timber owned by defendant from lands other than the land of plaintiffs.

Upon consideration of the facts agreed and of the provisions of the deed from plaintiffs to defendant, it was ordered and adjudged that the defendant has the right to reënter upon said right of way and to construct thereon and use a tramroad for the purpose of removing timber from the lands of any and all persons.

From this judgment plaintiffs appealed to the Supreme Court.

*McK. Carmichael for plaintiffs.*
*J. K. Warren and Warren & Warren for defendant.*

PER CURIAM. Upon consideration of plaintiffs' assignments of error based on their exception to the judgment of the Superior Court, we conclude that same cannot be sustained.

The judgment is supported by the provisions of the deed from plaintiffs to defendant, dated 1 March, 1911.

After cutting and removing the timber from the land described in the deed, within the time stipulated therein, defendant took up and removed from the right of way which it located on said land, the tramroad which it had constructed for removing said timber. Under the judgment it has the right to reënter upon said right of way and to reconstruct thereon a tramroad to be used by it to remove timber from the lands of other persons who have conveyed same to defendant. This is in accordance with the provisions of plaintiffs' deed to defendant. The judgment is

Affirmed.